# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
UNITED STATES OF AMERICA,         )
ex rel. CYNTHIA SMITH and         )
MELANIE CHILDRESS                 )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )   1:16cv234
                                  )
CAROLINA COMPREHENSIVE            )
HEALTH NETWORK, PA, et al.        )
                                  )
            Defendants.           )
```

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a request to seal by the United States (Docket Entry 52) (the "Motion to Seal"). For the reasons that follow, the Court will grant the Motion to Seal.

## INTRODUCTION

Asserting violations of the False Claims Act ("FCA"), Cynthia Smith and Melanie Childress (the "Relators") commenced this qui tam action on behalf of the United States. (Docket Entry 1 (the "Complaint") at 3.) The Complaint remained under seal "for at least 60 days" to allow the United States an opportunity to review "the material evidence and information" before deciding whether to intervene. 31 U.S.C. § 3730(b)(2). On numerous occasions, the United States "move[d] . . . for extensions of the time during which the complaint remain[ed] under seal," id. § 3730(b)(3), which the FCA authorizes upon a showing of "good cause," id. (See Docket Entries 5, 9, 12, 15, 18, 24, 27, 33, 37, 40, 46, 49) ("Ex Parte Application[s] for Extension of Time to Decline or Intervene and

for Extension of Seal" filed between June 28, 2016, and May 26, 2020). A sealed memorandum accompanied each application. (See Docket Entries 6, 10, 13, 16, 19, 25, 28, 34, 38, 41, 47, 50) (the "Extension Memoranda"). On each occasion, the Court granted the extension request. (See Docket Entries 8, 11, 14, 17, 20, 26, 29, 35, 39, 42, 48, 51.)

On July 27, 2020, the United States filed the Motion to Seal, declining to intervene in this action and seeking a permanent seal as to several Extension Memoranda. (Docket Entry 52 at 3 (listing Docket Entries 13, 16, 19, 25, 28, 34, 38, 47, 50).) The United States alternatively requested permission to file "redacted versions of [the Extension Memoranda] for the public docket, to protect the most sensitive information." (Id. at 6.)

Upon review of the Motion to Seal, the Court directed the Clerk to unseal this action except for the specified Extension Memoranda. (Text Order dated Aug. 13, 2020.) The Court further ordered "the United States to file . . . a memorandum (with a sealed supplement, if necessary) showing why [the documents] should remain sealed in their entirety." (Id.) As concerns the alternative request for relief, the Court required that "the memorandum (and/or sealed supplement) . . . attach any proposed redacted versions of the documents at issue and . . . address the specific basis for each proposed redaction." (Id.)

The United States filed a memorandum as directed, clarifying that the Motion to Seal inadvertently omits one Extension Memoranda. (Docket Entry 55 at 1 (adding Docket Entry 41, for a

-2-

total of ten documents).) The United States also filed a sealed supplement explaining the justifications for sealing, at a minimum, specific portions of each Extension Memoranda. (Docket Entry 56 at 2-5.) An exhibit to the sealed supplement provides proposed redacted versions of each document. (Docket Entry 56-1.)

## DISCUSSION

### I. Relevant Standards

"When presented with a request to seal judicial records," the Court begins by "determin[ing] the source of the right of access with respect to each document," as "only then can it accurately weigh the competing interests at stake." Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (internal quotation marks omitted). "[Whereas] the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (internal citation omitted).

"[The common law] presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). To decide whether such countervailing interests overcome the common law presumption, courts consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an

-3-

important historical event; and whether the public has already had access to the information contained in the records." In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984). Under the more stringent First Amendment standard, the Court may seal material "only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest." Stone, 855 F.2d at 180.

Under either standard, the Court evaluates the competing interests according to the following procedure. First, "it must give the public notice of the request to seal and a reasonable opportunity to challenge the request." Virginia Dep't of State Police, 386 F.3d at 576. Next, "it must consider less drastic alternatives to sealing." Id. Finally, "if it decides to seal[,] it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." Id. Those steps "ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." Id. This approach also reflects the reality that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978), as well as that "the public's business is best done in public," Cochran v. Volvo Grp. N. Am., LLC, 931 F. Supp. 2d 725, 727 (M.D.N.C. 2013).

The legal framework described above applies to requests by a party to file a redacted document, i.e., a document sealed in part. See United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir.

-4-

2003) ("As to those documents subject to a right of access, we must then conduct the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part."); see also Wolfe v. Green, Civ. Action No. 2:08-01023, 2010 WL 5175165, at *2-3 (S.D.W. Va. Dec. 15, 2010) (granting parties' joint motion to redact filings and holding that parties made necessary showing to address both common law and First Amendment rights of access); Bethesda Softworks, LLC v. Interplay Entm't Corp., Civ. Action No. 09-2357, 2010 WL 3781660, at *9-10 (D. Md. Sept. 23, 2010) (treating motion to redact transcript as motion to seal). "The interest of the public in the flow of information is protected by [the Court's] exercis[e of] independent judgment concerning redactions." Moussaoui, 65 F. App'x at 888 (citing United States v. Pelton, 696 F. Supp. 156, 159 n. 2 (D. Md. 1986) (noting that court would "carefully compare the redacted version [of a transcript] to the unredacted version for accuracy and to determine whether all the proposed deletions are necessary")).

## II. Analysis

### A. Preliminary Matters

In the Motion to Seal, the United States has argued that the common law right of access applies to the Extension Memoranda and that the countervailing interest in "protect[ing] the details of the United States' investigatory process from disclosure" (Docket Entry 52 at 3) warrants a permanent seal. (See id. at 3-5.) According to the United States, the First Amendment right of access does not attach to such documents. (See id. at 4 n.3 (citing

-5-

United States v. Appelbaum (In re United States), 707 F.3d 283, 291–92 (4th Cir. 2013) (finding no First Amendment right of access to motions and orders under Stored Communications Act).)

"Although the FCA explicitly contemplates that the complaint will be unsealed once the government has decided whether or not to intervene, it does not address whether the government's motions for extensions of time and accompanying memoranda should remain under seal indefinitely." United States ex rel. Rostholder v. Omnicare, Inc., 799 F. Supp. 2d 547, 548 (D. Md. 2011). Nor has the United States Court of Appeals for the Fourth Circuit "addressed whether anything beyond the qui tam complaint must be unsealed." Id. However, the Fourth Circuit has noted that "the 'good cause' standard in section 3730(b)(3)," the showing required to extend the time during which the FCA complaint remains under seal, mirrors the "standard contained in Rule 26 of the Federal Rules of Civil Procedure, which permits a federal court to require that certain matters be sealed," ACLU v. Holder, 673 F.3d 245, 254 (4th Cir. 2011). Additionally, many "[c]ourts have analogized disputes over whether to unseal documents under the FCA to discovery disputes under [Rule] 26(c), which authorizes protective orders for confidential trade secrets and similar information." United States ex rel. Rostholder, 799 F. Supp. 2d at 548 (collecting cases); but see United States ex rel. Littlewood v. King Pharms., Inc., 806 F. Supp. 2d 833, 836, 841–44 (D. Md. 2011) (discussing both common law right of access and Rule 26(c) standard).

-6-

No court appears to have held that the First Amendment protects public access to documents like the Extension Memoranda. Cf. ACLU, 673 F.3d at 252 ("assum[ing] without deciding that the First Amendment right of access extends to a qui tam complaint and docket sheet") (emphasis added); Under Seal v. Under Seal, 326 F.3d 479, 480, 486 (4th Cir. 2003) (deeming common law standard applicable to FCA complaint).[1] "The test for determining whether a first amendment right of access is available is: 1) 'whether the place and process have historically been open to the press and general public,' and 2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989 (quoting Press-Enterprise Co. v. Superior Ct., 478 U.S. 1, 8–10 (1986)). For example, the public enjoys no First Amendment right of access to motions and orders under the Stored Communications Act ("SCA"), which authorizes the government to obtain stored electronic communications relevant to ongoing criminal investigations. In re United States, 707 F.3d at 287, 290–92. There exists "no long tradition of access" to orders under the SCA, a statute enacted in 1986. Id. at 291. Moreover, the "process [under the SCA] is investigative, and openness of the

---

[1] In concluding that the record should remain unsealed, the Fourth Circuit observed that "the purpose of the FCA does not support *continued* sealing, and only justifies sealing in order that the government may investigate." Under Seal, 326 F.3d at 486 (emphasis in original).

-7-

orders does not play a significant role in the functioning of investigations." Id. at 292.

Whether the common law right of access applies to the Extension Memoranda depends on whether the documents constitute judicial records. "[T]he mere filing of a document with a court does not render the document judicial." Spear v. Ernst & Young, (In re Policy Mgt. Sys. Corp.), Nos. 94-2254, 94-2341, 67 F.3d 296 (table), 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) (unpublished). Rather, to qualify as a judicial record, the filed document must "play a role in the adjudicative process, or adjudicate substantive rights." In re United States, 707 F.3d at 290 (holding that motions and orders under the SCA constitute judicial records). If no public access right applies to the materials at issue here, the Court "balance[s, under Rule 26(c),] the need for transparency in the judiciary with the effective protection of sensitive information," ACLU, 673 F.3d at 257 (internal quotation omitted). This Court previously has applied both the common law and Rule 26(c) standards in the absence of Fourth Circuit authority identifying the proper inquiry. See Kinetic Concepts, Inc. v. Convatec Inc., No. 1:08CV00918, 2010 WL 1418312, at *8–10 (M.D.N.C. Apr. 2, 2010).

Here, consistent with its previous approach, the Court considers, in light of the common law and Rule 26(c) standards, whether the United States has justified maintaining the Extension

-8-

Memoranda under permanent seal.[2]  The Extension Memoranda may constitute judicial records "because they were filed with the objective of obtaining judicial action or relief," In re United States, 707 F.3d at 291, but they concern procedural, rather than substantive, matters: whether the qui tam action could remain under seal for an extended period to allow the United States additional time to decide whether to intervene.  Under the circumstances, application of either standard yields the same result, for the reasons discussed below.

### B. The Motion to Seal

According to the Motion to Seal, the Extension Memoranda necessarily reveal "sensitive nonpublic facts," including "the nature and scope of an investigation," to demonstrate "good cause" for the previous extension requests.  (Docket Entry 52 at 5 (quoting In re § 2703(d) Order, 787 F. Supp. 2d 430, 442-43 (E.D. Va. 2011).)  The United States contends that the Extension Memoranda further disclose "the Government's strategy and thought process regarding the investigation."  (Id. (quoting Aldrige ex rel. United States v. Cain, No. 1:16-CV-369, 2018 WL 1162252, at *8 (S.D. Miss. Mar. 4, 2018)); see also Docket Entry 55 at 2 ("[E]ach [Extension Memoranda] contains confidential investigative information and/or reveals the Government's internal, nonpublic thought processes related to its investigation.").)  Finally, the

---

[2] The Court finds no First Amendment right of access to the Extension Memoranda because they relate to an investigative process in which openness plays no significant role.  See In re United States, 707 F.3d at 292.

-9-

United States asserts that unsealing the documents "would dissuade the government from fully explaining its needs for extensions in the future."  (Docket Entry 55 at 2.)

All parties and the public have possessed access to the Motion to Seal since November 25, 2020.  (See Text Order dated Aug. 13, 2020.)[3]  Accordingly, the Court finds all procedural prerequisites satisfied, as any interested persons have received "notice of the request to seal and a reasonable opportunity to challenge the request," Virginia Dep't of State Police, 386 F.3d at 576.

Because "[the Court] must consider less drastic alternatives to sealing," id., and because the United States has represented that the proposed redactions adequately "protect the most sensitive information" (Docket Entry 52 at 6), the Court declines to seal the Extension Memoranda in their entirety.  Instead, "the [C]ourt will carefully compare the redacted version[s] to the unredacted version[s] . . . to determine whether all the proposed deletions are necessary."  Pelton, 696 F. Supp. at 159 n. 2.

The United States seeks to seal (i) information concerning "good cause" for the extension request and (ii) other limited portions of each Extension Memoranda.  (See Docket Entry 56-1.)  In each case, the redacted material amounts to one or two paragraphs.  (See id.)  The proposed redactions fall into one of two categories:

---

[3] The unsealing the Court previously ordered (with, among other things, the intent of affording public notice prior to a decision on sealing) did not immediately occur due to technical issues, but, since correction of those issues, no interested non-parties filed anything.

nonpublic investigative details or internal governmental "thought processes" (Docket Entry 55 at 2).

<u>Nonpublic Investigative Details</u>

The interest in protecting government investigations, particularly in their early stages, may outweigh the common law right of access. By way of example, courts may docket search warrant materials under seal. <u>See</u> <u>Goetz</u>, 886 F.2d at 65. Similarly, "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 218 (1979). The sealing of such materials demonstrates that, to safeguard government investigations, courts may shield certain information from public view, even when the presumption of public access would otherwise warrant disclosure.

Under the circumstances here, the interest in protecting nonpublic investigative details overrides the common law right of access to the Extension Memoranda. Put another way, the balance between "transparency in the judiciary [and] the effective protection of sensitive information," <u>ACLU</u>, 673 F.3d at 257, weighs in favor of redaction.

<u>Internal Governmental "Thought Processes"</u>

"In FCA cases, it is appropriate to deny a motion to unseal a court file if unsealing would disclose confidential investigative techniques[.]" <u>United States ex rel. Yannacopolous v. Gen. Dynamics</u>, 457 F. Supp. 2d 854, 858 (N.D. Ill. 2006). Such techniques may include "information about . . . what items might be

-11-

looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like." United States ex rel. Mikes v. Straus, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). In contrast, courts need not seal documents concerning "routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business." Id.; see also United States ex rel. O'Keefe v. McDonnell Douglas Corp., 902 F. Supp. 189, 191–92 (D. Mo. 1995) (denying motion to unseal documents that "provide[d] some substantive details regarding the government's methods of investigation").

Here, although it presents a closer question than as to nonpublic investigative details, the material concerning internal governmental "thought processes" merits redaction. The Extension Memoranda go beyond "describ[ing] routine investigative procedures with as little detail as possible," United States ex rel. Rostholder, 799 F. Supp. at 549, but they stop short of disclosing highly specific techniques or procedures, United States ex rel. Mikes, 846 F. Supp. at 23. Certain redacted portions of the Extension Memoranda reference publicly available information, but they likewise disclose non-public procedures and strategies that reveal, to some extent, how the United States handles fraud investigations. Given the importance of protecting the integrity of such investigations, the proposed redactions pass muster under the common law or Rule 26(c) standards.

-12-

## **CONCLUSION**

The interest of protecting non-public investigative details and internal governmental "thought processes" outweighs the common law right of access to the Extension Memoranda. To the extent no right of access applies to such documents, such details warrant protection from public disclosure, in accordance with Rule 26(c).

**IT IS THEREFORE ORDERED** that the Motion to Seal (Docket Entry 52) is **GRANTED**.

                               /s/ L. Patrick Auld
                                **L. Patrick Auld**
                       **United States Magistrate Judge**

February 1, 2021

-13-

Case 1:16-cv-00234-WO-LPA   Document 57   Filed 02/01/21   Page 13 of 13